# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DALE BARGER, Also known as Gary Fisher,<br><br>Plaintiff,<br><br>v.<br><br>KERN COUNTY SUPERIOR COURT, et al.,<br><br>Defendants. | Case No.: 1:14-cv-01667-LJO-SAB (PC)<br><br>ORDER DISMISSING ACTION, WITHOUT PREJUDICE, TO REFILING WITH PAYMENT OF FILING FEE<br><br>[ECF Nos. 5, 6] |

Plaintiff Gary Dale Barger is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant complaint on September 15, 2014, in the United States District Court for the United States District Court for the Northern District of California. The case was transferred to this Court on October 22, 2014.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

1  monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

2  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

## II.

## TRHEE-STRIKES PROVISION OF 28 U.S.C. § 1915

Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## III.

## DISCUSSION

Although Plaintiff neither submitted an application to proceed in forma pauperis or paid the filing fee, a review of the actions filed by Plaintiff reveals that he is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless he was, at the time the complaint was filed, under imminent danger of serious physical injury.[1]

The Court has reviewed Plaintiff's complaint and finds that he does not meet the imminent danger exception. See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). Although not

---

[1] The Court takes judicial notice of the following cases which count as strikes: 1) Fisher v. McGee, 2:13-cv-08137-US-MAN (C.D. Cal.) (dismissed on December 11, 2013, as barred by Heck v. Humphrey and for naming immune defendants); 2) Barger v. FBI, 1:13-cv-00535-DLB (E.D. Cal.) (dismissed on November 21, 2013, for failure to state a claim); 3) Fisher v. FBI, 1:13-00414-LJO-SAB (E.D. Cal.) (dismissed on July 26, 2013, for failure to state a claim); and 4) Fisher v. Bivens, Six Unknown Agents, 2:14-cv-01439-UA-MAN (C.D. Cal.) (dismissed on March 6, 2014, for failure to state a claim). See also Barger v. Kern County Superior Court, 1:14-cv-01071-DLB PC (E.D. Cal.) (dismissal of action on August 13, 2014, after finding plaintiff, Gary Barger, suffered three or more strikes under 28 U.S.C. § 1915(g)).

entirely clear as Plaintiff's complaint is at times incoherent and illegible, Plaintiff's complaint challenges various claims against several individuals at various prisons and times.  Plaintiff raises several claims, including access to the courts, lack of library access, challenge to inmate appeals process, conspiracy, medical treatment, retaliation, and interference with his mail.

Plaintiff fails to allege specific facts in the complaint indicating that he was under imminent danger at the time he filed the complaint.  Based on the foregoing, the Court finds that Plaintiff fails to allege the imminent danger of serious physical injury necessary to bypass § 1915(g)'s restriction on filing suit without prepayment of the filing fee.  In this instance, Plaintiff has not paid the $400.00 filing fee and the action must be dismissed.

## IV.
## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. This action is DISMISSED without prejudice to refiling upon payment of the $400.00 fee; and

2. Plaintiff's September 15, 2014, motion for appointment of counsel is DENIED as moot.

IT IS SO ORDERED.

Dated:   **October 28, 2014**          **/s/ Lawrence J. O'Neill**
                                        UNITED STATES DISTRICT JUDGE

3.